IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COZELL LYONS                                                       PETITIONER

VS.                                         CIVIL ACTION NO  4:08cv57-DPJ-FKB

MARGARET BINGHAM                                      RESPONDENT

### **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for writ of habeas corpus filed by Cozell Lyons, a state prisoner.  Having considered the petition, response, and state court record, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

### **I. FACTS AND PROCEDURAL HISTORY**

On March 12, 2004, around 8:30 a.m., Cozell Lyons entered the Merchant and Farmers Bank in Philadelphia, Mississippi.  Lyons, wearing a pair of purple sunglasses, approached Felicia Cook, the lead teller, and handed her a note instructing her to be quiet because he had a gun in his pocket.  Lyons then handed Cook a clear plastic bag, into which Cook placed money, including "bait money" consisting of bills with recorded serial numbers.  Lyons never actually displayed a weapon but kept his right hand in the pocket of his vest throughout the entire robbery.  After receiving the money, Lyons exited the bank.  Cook locked the door and notified the police.

Officer Jimmy Reid with the Philadelphia Police Department responded to the call and obtained a copy of the photograph of Lyons taken during the robbery by the bank's security camera.  Investigating officers soon learned the identity of the person in the

photograph. Reid and Danny Knight, an officer with the Mississippi Bureau of Investigation, went to the home of Lyons' mother in search of him. Claudia Lyons was not at the house at first, but she arrived later and told officers that her son had been staying with her and occupied a bedroom there. She consented to a search of the home. After Reid saw, through an open door, a pair of purple sunglasses on the bed in Lyons' bedroom, the officers obtained a search warrant for the bedroom and seized the sunglasses. The officers then obtained an arrest warrant and arrested Lyons. During the arrest, officers discovered in Lyons' pocket a key to a room at the local Day's Inn. After securing a warrant, the officers searched the motel room, which was registered in the name of Edna Woods, and found the bait money from the robbery.

Lyons was indicted and tried for the crime of armed robbery in the Circuit Court of Neshoba County. At trial, his defense was that he was suffering from either a seizure or some other mental condition which prevented him from knowing what he was doing at the time of the robbery. Lyons testified that he remembered going into the bank and standing in line but did not remember how the money got into the bag. He said that a friend whose name he could not recall wrote the note, gave it to him, and told him where to go and what to do.

The jury convicted Lyons, and the court sentenced him to serve a term of twenty-eight years. The Mississippi Court of Appeals affirmed. His petition for writ of certiorari to the Mississippi Supreme Court was denied. Thereafter, Lyons filed for post-conviction relief (PCR) in the Mississippi Supreme Court. That application was denied.

Lyons then filed the present habeas petition, raising the following grounds for relief:

1. The state failed to prove beyond a reasonable doubt an essential element of the crime.

2. The trial court erred in failing to suppress the evidence discovered in the Days Inn motel room.

3. The trial court erred in failing to suppress the sunglasses seized from Claudia Lyons' home.

4. The following actions and omissions by Lyons' attorneys constituted ineffective assistance of counsel:

    (a) Trial counsel failed to discuss with the him the details of the prosecutor's plea offer;

    (b) At the hearing on the motion to suppress evidence seized in the motel room, trial counsel failed to argue that Lyons had a legitimate expectation of privacy in the room;

    (c) Trial counsel failed to request a lesser-included-offense instruction; and

    (d) Appellate counsel submitted an incoherent appellate brief that failed to include an important constitutional argument; he also failed to submit on appeal a copy of the warrant and supporting affidavit for the search of his bedroom in his mother's house.

## II. ANALYSIS

In grounds two and three, Lyons challenges the admissibility of the evidence seized in the searches of the motel room and of his mother's home, arguing that the searches violated the Fourth Amendment. Fourth Amendment violations generally do not provide a basis for federal habeas relief. In *Stone v. Powell,* 428 U.S. 465 (1976), the Supreme Court held that "where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in a unconstitutional search or

seizure was introduced at his trial." *Id.* at 482. At trial, the court heard testimony and arguments on these issues and concluded that the evidence seized in the searches was admissible. Lyons raised these issues on direct appeal, and they were addressed in some detail by the Mississippi Court of Appeals. Thus, it is clear that Lyons was given the requisite full and fair opportunity in the present case. For this reason, no federal relief is available on grounds two and three.

Lyons' remaining claims were adjudicated on the merits by the state court, either in his direct appeal or in his PCR proceeding, and are therefore subject to the highly deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), which allows habeas relief in this case only if the state court's rejection of these claims involved "an unreasonable application of . . . clearly established Federal law . . . as determined by the Supreme Court of the United States." *Id.* The Supreme Court has repeatedly emphasized that " 'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, the application must be not only incorrect, but also "objectively unreasonable." *Renico,* 130 S.Ct. at 1862 (quoting *Williams*, 529 U.S. at 409). Moreover, state findings of fact are entitled to a presumption of correctness which can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

In ground one of his petition, Lyons argues that the evidence at trial was insufficient to convict him under Miss. Code Ann. § 97-3-79, which defines armed robbery as the taking or the attempt to take personal property from a person against his will by violence "or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon." Lyons' position is that the state failed to prove essential elements of the crime, specifically, the elements of exhibiting deadly weapon during the course of the robbery and putting the victim in fear of immediate injury.

Habeas relief is available for insufficiency of the evidence only where the court concludes, considering the evidence in the light most favorable to the prosecution, that *no* rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Lyons' claim of insufficient evidence was carefully considered by the Mississippi Court of Appeals in light of the requirements for proving armed robbery. That court relied upon the Mississippi case of *Dambrell v. State*, 903 So. 2d 681 (Miss. 2005) in rejecting Lyons' argument regarding his failure to actually display a gun. In *Dambrell,* the Mississippi Supreme Court stated as follows:

> We find that when a defendant makes an overt act and a reasonable person would believe that a deadly weapon is present, there is no requirement that a victim must actually see the deadly weapon in order to convict pursuant to Miss. Code Ann. Section 97-3-79. Therefore, a victim is not required to have "definite knowledge" of a deadly weapon in the sense that the weapon must actually be seen by the victim's own eyes.

*Id.* at 683. As the Court of Appeals noted in its opinion, Felicia Cook testified that Plaintiff kept his right hand in his pocket during the course of the robbery and that she never saw a weapon. However, she testified that the note Lyons passed to her indicated that he had a gun in his pocket, that she believed this representation, and that she was in fear for her

5

life. Based upon this evidence, a reasonable jury could have found the essential elements of the crime - as interpreted in *Dambrell* - beyond a reasonable doubt. The undersigned concludes that the state court's rejection of this claim did not result in an unreasonable application of *Jackson v. Virginia.*

Lyons alleges four claims of ineffective assistance of counsel. Ineffective assistance claims are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland's* familiar two-prong analysis, a petitioner must first show that his attorney's performance was deficient. 466 U.S at 688. "Deficient" means that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. If a petitioner succeeds in establishing deficiency on his counsel's part, then he must go on to demonstrate that his attorney's deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard of review of an attorney's performance is "highly deferential," and a court considering an ineffectiveness claim is to "indulge a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Id.* at 689.

If the deference afforded attorney decisions under *Strickland* results in difficulty for a habeas petitioner seeking to establish a claim of ineffectiveness of counsel, that difficulty is compounded when the claim is viewed through the lens of § 2254(d). Thus, where the state court has adjudicated a *Strickland* claim on the merits, federal habeas review is "doubly deferential." *Knowles v. Mirzayance*, 129 S.Ct. 1411, 1420 (2009). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.

The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter,* 131 S.Ct. 770, at 788 (2011).

As his first ineffective assistance ground, Lyons argues that his attorney failed to discuss with him all of the details of a plea offer by the prosecution. He describes several matters that were discussed by his attorney concerning a possible plea - the mandatory time for armed robbery, the video evidence of the robbery, and the prospects of prevailing on an insanity defense at trial. However, Lyons fails to identify *any* specific information that his attorney failed to disclose to him. Thus, he has wholly failed to establish either deficiency in his attorney's performance or prejudice and has likewise failed to show that the state court's rejection of this claim was objectively unreasonable. No relief is warranted on this ground for relief.

Lyons' second ineffective assistance claim concerns his attorney's efforts to suppress the bait money seized in the Days Inn motel room. At the hearing on this issue, Lyons' attorney attempted to establish that the warrant was not supported by probable cause. The trial judge denied Lyons' motion to suppress, holding that the warrant was valid. Lyons now contends that his attorney erred in failing to present evidence or argument that Lyons had a legitimate expectation of privacy in the motel room. The issue of standing arose during the hearing when the trial judge asked defense counsel why Lyons was objecting to the search of the room, given the fact that it was rented to someone else. In an answer evincing honesty rather than strategy, defense counsel responded that he was objecting because the defendant did not want the evidence introduced. Nevertheless, the court never ruled that Lyons lacked standing, and the focus

of the hearing was clearly on the validity of the warrant, not on Lyons' standing to challenge it. Thus, Lyons cannot show that he was prejudiced in any way at trial by his attorney's failure to argue his standing to challenge the warrant.

Neither can Petitioner establish that he was prejudiced on this issue in his direct appeal. Petitioner argued before the Mississippi Court of Appeals that the search was illegal because the search warrant had been preceded by a "warrantless trespass" by officers into the hotel room.[1] The appellate court held that Lyons lacked standing to make this "warrantless trespass" argument because he failed to establish that he had a reasonable expectation of privacy in the motel room. However, the court went on to conclude that the warrant was valid. The undersigned concludes that the state court's adjudication of this ineffective assistance claim did not result in a decision that involved an unreasonable application of *Strickland.*

In a further attempt to establish that his trial counsel was ineffective, Lyons argues that his attorney should have requested an instruction on a lesser-included offense. Presumably, Lyons is alluding to the offense of robbery under Miss. Code Ann. § 97-3-77. According to Lyons, this instruction would have been proper because the evidence did not establish that he carried or displayed a deadly weapon and because the note passed to the teller was not admitted into evidence. However, under Mississippi law, a lesser-included-offense instruction is warranted only when there is an evidentiary basis in the record which would permit the jury to rationally find the defendant guilty of the lesser

---

[1] Prior to obtaining the warrant, officers were allowed entry into the room by hotel management after no one answered the door. However, the evidence was clear that no search or seizure of evidence occurred until after the warrant had been secured.

8

offense and to acquit on the greater one. *See, e.g., Burton v. State*, 999 So. 2d 379, 382 (Miss. App. 2008). The victim testified that the note stated Lyons had a gun, that he kept his hand in his pocket throughout the robbery, and that she believed him to have a gun and was in fear of her life. There was no evidence introduced at trial to contradict her version of events or to indicate that Lyons was not in possession of a gun. Thus, there was no evidentiary basis to permit the jury to find that Lyons did not lead Cook to believe he had a deadly weapon and that she was not in fear for her life. A lesser-included offense instruction would not have been warranted under state law. Thus, the state court's rejection of this ineffective assistance claim was objectively reasonable.

Petitioner's final claim of ineffective assistance is directed toward his appellate counsel. According to Lyons, his attorney on appeal "submitted an incoherent brief" that "missed an important arguable constitutional violation." He does not identify what constitutional violation was omitted. Consequently, this allegation fails to state a cognizable *Strickland* claim. Lyons also argues that his appellate counsel rendered deficient performance in failing to place into the record on appeal the search warrant and affidavit for the search of his room at Claudia Lyons' home. The testimony at the hearing on the motion to suppress revealed that the affidavit, which was sworn to by Officers Reid and Knight, was not accompanied by a written statement of the underlying facts and circumstances. Rather, the officers gave oral testimony before the judge in support of the application for the warrant. However, after the warrant was issued, Officer Knight prepared a written statement of the underlying facts and circumstances. At the hearing, the judge who issued the warrant for the search of the bedroom reviewed the written

9

statement and testified that it was substantially the same as the oral testimony given before him in support of the warrant. Thus, it seems that Lyons is also arguing that this written statement should have been included by his appellate attorney in the record on appeal.

Lyons cannot, however, meet the prejudice prong of *Strickland* on this claim because he has failed to show that inclusion of these documents would have caused him to prevail on his Fourth Amendment claim on appeal. Furthermore, because the affidavit, warrant and written statement were never placed into evidence by his trial attorney at the hearing on the motion to suppress, it is unlikely that the appellate court would have allowed them to be added to the record on appeal. This claim of ineffective assistance is without merit, and Lyons cannot show that the state court's rejection of it was unreasonable.

### III. CONCLUSION

Petitioner has failed to establish that the state court's adjudication of any of his claims was contrary to, or involved an unreasonable application of, clearly established Supreme Court law. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 25th day of March, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE