UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COZELL LYONS                                                                               PETITIONER

VS.                                                         CIVIL ACTION NO.: 4:08CV57 DPJ-FKB

MARGARET BINGHAM                                                                         RESPONDENT

ORDER

This petition for writ of habeas corpus is before the Court on the Report and Recommendation [21] of the United States Magistrate Judge, after referral of hearing by this Court. Magistrate Judge Ball, after considering the merits of the petition, recommended denial of habeas relief and dismissal of the petition with prejudice. Cozell Lyons filed an Objection, raising essentially the same arguments he asserted in his original petition for writ of habeas corpus. Judge Ball fully examined these arguments in his well-reasoned Report and Recommendation, and the Court finds it is unnecessary to revisit the issues in any detail. That said, in light of the objections, the Court will add a few observations.

I.      Grounds based on Search and Seizure

Lyons baldly asserts in his Objection that he was denied a full and fair opportunity to litigate his Fourth Amendment search-and-seizure claims in state court. But Judge Ball's Report and Recommendation presupposes that Lyons received such an opportunity. And the Fifth Circuit has held that "in the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits," then *Stone v. Powell*, 428 U.S. 465 (1976) preclude habeas review. *Williams v. Brown*, 609 F.2d 216, 220

(5th Cir. 1980); *see also Moreno v. Dretke*, 450 F.3d 158, 167 (5th Cir. 2006) (same).  Lyons made no such showing.

II.     Ground Based on Ineffective Assistance of Counsel in Plea Decision

Lyon claims that the state erred in rejecting his argument that counsel was ineffective for failing to better explain the terms of a plea offer.  Lyons described the contention in his petition for post-conviction relief (PCR):

> The only information that counsel gave petitioner about the plea offer was that, (1) any plea or sentence to armed robbery carries mandatory time, (2) video evidence has unique physical characteristics of the bank robber and (3) the trial prospects of an insanity defense.

Pet.'s Pet. for PCR [11-9] at 23–24.  To support this ground at the PCR stage, Lyons attached a letter from his trial attorney, but that letter described these same three issues as "[a]*dditional* factors we discussed which I consider to be relevant for you to consider in your decision to go to trial."  *Id*. at 33 (emphasis added).  Lyons' PCR petition never explained to the Mississippi Supreme Court what counsel allegedly excluded from the discussion and failed to address prejudice in any specific way.  Lyons did, however, attach his own affidavit stating that the plea discussion was limited to the three subjects listed above and that "if counsel [illegible] informed me of the details and efforts there is *possibility* that I would have accepted the plea offer."  *Id*. at 35 (emphasis added).  The record contains no other evidence on this point.

The Mississippi Supreme Court denied Lyons's petition for PCR, and Lyons then raised the ground in his habeas petition.  But Lyons again failed to explain the details he claims the attorney failed to convey.  That omission led Judge Ball to recommend dismissal of the claim.  It was not until his Objection that Lyons more fully explained that although his attorney discussed

"mandatory time," he failed to explain "how many years" Lyons might receive. Pet.'s Obj. [24] at 5.

Lyons's claim regarding the plea suffers from several infirmities that were not apparent until he better explained his contentions. First, it does not appear that he properly exhausted the argument before the state court. But even assuming he did, Lyons fails to meet his burden under § 2254. To establish ineffective assistance of counsel "a defendant must show both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. ----, ----, 129 S. Ct. 1411, 1419 (2009). In this case, the Mississippi Supreme Court summarily denied Lyons's PCR petition without explaining its reasons. Nevertheless, "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784–85 (2011). Although the presumption is rebuttable, *id*., Lyons makes no such showing.

> Given this presumption, the standard is as follows:
>
> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the United States Supreme Court] . . . or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court . . . .

*Richter*, 131 S. Ct. at 785. And when, as here, the state court adjudicates an ineffective-assistance-of-counsel claim on the merits, federal habeas review is "doubly deferential." *Knowles*, 129 S. Ct. at 1420. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is *any* reasonable argument that counsel satisfied *Strickland [v. Washington]'s* deferential standard." *Premo v. Moore*, 131 S. Ct. 733,

740 (2011) (emphasis added) (observing that "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult)."

Starting with the performance prong of the test, "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel." *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995). In *Teague*, the attorney failed to discuss maximum possible penalties associated with a plea, and the Fifth Circuit found that the habeas petition should not have been summarily dismissed. It is important to note, however, that Lyons never fully explained his claim in state court. Neither his affidavit nor his PCR petition explained what his attorney failed to convey, and the attorney letter Lyon attached to his PCR petition suggested that more was discussed than Lyons admitted. Based on that record, a reasonable argument could be made supporting the state-court decision.

Even if counsel was ineffective, Lyons must still prove prejudice. To do so in this context, Lyons faced the burden of proving "a reasonable probability that" had counsel better explained the terms of the plea, he "would have accepted it." *Arnold v. Thaler*, 630 F.3d 367, 370 (5th Cir. 2011). The Supreme Court faced a somewhat analogous issue in *Hill v. Lockhart*, where the petitioner took a plea deal and then alleged ineffective assistance of counsel because the attorney failed to better explain the defendant's eligibility for parole. 474 U.S. 52, 60 (1985). The Court found no prejudice, holding that the "[p]etitioner did not allege in his habeas petition that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." *Id*.

In this case, Lyons's PCR petition failed to address prejudice in any specific way, and his supporting affidavit merely stated that "there is *possibility* that I would have accepted the plea

4

offer." Pet.'s PCR Pet. [11-9] at 35 (emphasis added).  After the Mississippi Supreme Court denied PCR, Lyons stretched his factual assertion somewhat in this Court claiming a "good possibility" that he would have accepted the plea.  Pet. [1] at 19.  But "possibility" and "probability" are not the same.[1]  Although the saying is cliché, "anything is possible."  The standard, however, is whether Lyons showed a "reasonable probability" that he would have changed his plea.  *Arnold*, 630 F.3d at 370.

Ultimately, the Court asks whether "any reasonable argument" supports the Mississippi Supreme Court's ruling.  *Premo*, 131 S. Ct. at 740.  Given the record below and the holding in *Hill*, the Court finds that Lyons has not met his burden.  *See*, *e.g.*, *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (finding no prejudice when petitioner was asked whether he would have accepted a plea had he known the terms and responded, "Possibly, I don't know."); *Mead v. Cain*, No. 03-3058, 2010 WL 3488187, at *7 (E.D. La. Aug. 26, 2010) (finding no prejudice where petitioner failed to establish that he would have taken plea with more complete information).[2]

---

[1] Black's Law Dictionary demonstrates the distinction, defining "probability" as "likelihood; appearance of reality or truth," and "possibility" as "[a]n uncertain thing which may happen."  *Black's Law Dictionary*, 1165, 1201 (6th ed. 1990).

[2] No hearing is necessary on this point given that Lyons offered the Mississippi Supreme Court a sworn statement as to the probability he would have taken the plea.  *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) ("We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits") *and* 28 U.S.C. § 2254(e)(2) (limiting hearings to circumstances not present here).

III.     Grounds Related to Section 97-3-79 of the Mississippi Code.

Lyons makes two arguments based on section 97-3-79.  The statute states in relevant part as follows:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery . . . .

Miss. Code Ann. § 97-3-79.  According to Lyons, there was no proof that he possessed a gun because he kept his hand in his pocket throughout the robbery.  Accordingly, Lyons contends that the state erred in finding sufficient evidence to support the verdict and in rejecting his argument that counsel was ineffective for not seeking a lesser-include-offense instruction on robbery.

But that is not the way the Mississippi Supreme Court has interpreted this Mississippi statute.  In *Dambrell v. Mississippi*, the court held that "[s]o long as the victim reasonably believes that the defendant had a deadly weapon and the defendant makes an overt act the statute is satisfied."  903 So. 2d 681, 689 (Miss. 2005).  And as Judge Ball more thoroughly noted, Lyons told the bank employee he had a gun and she believed him.  Based on that evidence, and its ruling in *Dambrell*, the state rejected Lyons's sufficiency argument on direct appeal.  The Mississippi Supreme Court then rejected both section 97-3-79 arguments at the PCR stage.

These rulings survive under § 2254 for the reasons stated in the Report and Recommendation, but it is mention that it is not this Court's function to review a state's interpretation of its own law.  *Charles v. Thaler*, 629 F.3d 494, 500–01 (5th Cir. 2011) ("A federal court lacks authority to rule that a state court incorrectly interpreted its own law.  When,

6

as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions are state law.").

Deferring to Mississippi's construction of section 97-3-79, this Court agrees that "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (establishing that standard in habeas cases challenging sufficiency of the evidence). Likewise, given its construction of the statute, the Mississippi Supreme Court's rejection of the ineffective-assistance-of-counsel claim should not be set aside under the standards articulated *Richter*, 131 S. Ct. at 785. As Judge Ball noted, there was no evidence that Lyons committed the offense in a way that would support the lesser included offense of robbery (*i.e.*, there was no evidence that he robbed the bank without creating the impression that he had a weapon). *See Dambrell*, 903 So. 2d at 689. The state's decision passes the "any reasonable argument" test. *Premo*, 131 S. Ct. at 740.

As for the remaining issues raised in Lyons's Objections, the Court finds no reason to expand on the Report and Recommendation of the United States Magistrate Judge.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice.

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 29th day of September, 2011.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE